Shauck, J.
Numerous questions are presented by the record and discussed in the briefs of counsel, but enough of the case has been stated to raise the only question which is'thought deserving of attention: Whether mandamus will lie for the redress of such grievances as are alleged in the petition.
Courts in other states have allowed the writ so frequently in cases quite similar to this, that some writers on benefit societies have stated it as a general rule, that if a member is wrongfully expelled from a society, he may be restored by mandamus. We have, however, to determine the question in accordance with the provisions of our own constitution and statutes, upon the subject. The legislation upon the subject of mandamus is in chapter two, of title four, of the revised statutes. While the procedure with respect to this form of relief has been brought approximately into subjection to the provisions of the code of civil procedure, the writ retains it extraordinary and prerogative character. It may be that the legislature has not attempted to deprive it of that character, because it has regarded itself as without power to do so. The constitution vests original jurisdiction in mandamus in the circuit court and in the supreme court. Through repeated decisions it has *631 become well known that tbe general assembly cannot add to tbe original jurisdiction of those courts, because tbe constitutional grant is exclusive. An attempt to enlarge tbe purposes of tbe writ so as to make it a substitute for actions at law, and suits in equity would fail as an attempt to accomplish a forbidden purpose by indirection. This may account for tbe fact that tbe legislature has not attempted to add to tbe purposes for which tbe writ may be resorted to as they were known at the adoption of tbe constitution. It is doubtless because of tbe extraordinary character of tbe remedy that it is prosecuted in tbe name of tbe state, and original jurisdiction with respect to it is conferred upon tbe higher courts which have not original jurisdiction in private actions at law and suits in equity.
That tbe general assembly may increase tbe number of cases in which resort may be bad to this remedy, is not doubted. Indeed, it does so whenever it enacts a law which specially enjoins tbe performance of an act as a duty resulting from an office, trust, or station. But such laws do not change tbe character or purpose of tbe remedy.
Contemporaneously with tbe adoption of tbe constitution, tbe legislature defined mandamus as “a writ issued in tbe name of tbe state, to an inferior tribunal, a corporation, board or person, commanding tbe performance of an act which tbe law specially enjoins as a duty resulting from an office, trust or station.” This, like tbe other provisions of tbe statute, did not change tbe character of tbe writ or tbe purposes for which it may be invoked, but only reduced to tbe form of a statute, tbe commonly accepted definitions and principles upon tbe subject. This definition recognizes tbe public character of tbe action, and clearly excludes tbe idea that it may be resorted to for tbe purpose of enforcing tbe performance of duties in which tbe public have no interest. That interest is appropriately manifested by *632 a statute enjoining the particular act as a duty resulting from an office, trust or station. “The object of the remedy by mandamus, is to compel public officers and private individuals, in matters relating to the public, to perform their public duties.” Tillson v. Commissioners of Putnam County, 19 Ohio, 415. This is only saying, that private actions are appropriate for the redress of private wrongs.
The definition shows with perhaps even more clearness, that mandamus is not a preventive remedy. It is essentially a coercive writ. It commands performance, not desistance. The real grievance of the relator is that he is unlawfully excluded from participation in the advantages of membership in the corporation, and the appropriate remedy would be that the corporation desist from such exclusion, or compensate him in damages for the wrong. The inference from the nature of the writ, that its extraordinary character is incompatible with the redress of private wrongs, is in accordance with the express provision of the statute, (Sec. 6744) : “The writ must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law. Assuming that the relator is wrongfully excluded from participation in benefits, he may recover in an action at law, the damage he has sustained. If that remedy would be inadequate, he would be entitled to an injunction to prevent his further exclusion. Whether his remedy would be at law or in equity, we need not determine here, for in this comparison both of those remedies are in the ordinary course of the law.
Some of the numerous eases cited by counsel for the relator, are in view of the provision quoted, opposed to his position, since they hold that in such case injunction will lie, to prevent the exclusion of the members. In some, the writ of mandamus has been allowed without consideration of the propriety of the remedy. None of them offers such reasons for *633 its allowance as would be entitled to prevail against the objections stated, if it were yet an open question. It is, however, held in Freon v. The Carriage Co., 42 Ohio St., 30, that “mandamus is not the proper remedy to enforce the performance of a duty imposed upon the officers of a private corporation, organized for profit merely, where such duty is not specifically enjoined by law, and where there is a plain and adequate remedy either at law or in equity.” The point there, authoritatively decided, is according to a familiar rule of this court, stated in the syllabus.
The provisions quoted from the statute, and the case cited, justify the conclusion that the writ should not have been allowed in favor of the relator, because the act whose performance is commanded, is not specially enjoined by law, and because the relator, assuming that he has a cause of action, has a plain and adequate remedy in the ordinary course of the law. That conclusion is inferentially supported by numerous other decisions of this court in which the writ has been refused. We find no decision of this court in which the writ has been allowed in cases or upon principles inconsistent with the conclusions stated.
Although both remedies are administered in the same court, it has generally been held, that a suit to enjoin cannot be maintained where an action for damages would afford adequate relief. But the distinction in this respect, between mandamus and remedies in the ordinary course of the law, is obviously of much greater importance, since by the allowance of the writ of mandamus in forbidden cases, the circuit court and this court would in effect extend their original jurisdiction beyond the constitutional grant upon that subject.

Judgment reversed and original petition dismissed

Minshall, J., dissents.